UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-21069-CIV-MORENO

ERNESTO PANTOJA,

        Plaintiff,

vs.

AMERICAN SECURITY INS. CO.,

        Defendant.
_____/

## ORDER GRANTING MOTION TO COMPEL APPRAISAL

THIS CAUSE came before the Court upon Defendant's Motion to Compel Appraisal and Stay Proceedings (**D.E. 4**), filed on **March 18, 2020**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to compel appraisal and stay proceedings is GRANTED and all other pending motions are DENIED as moot.

### I.   Background

Plaintiff, Ernesto Pantoja, brought this case against Defendant, American Security Insurance Company, for breach of an insurance policy. The policy provides insurance coverage to Plaintiff's residential property located at 875 West 72nd Street, Hialeah, Florida 33014. On November 25, 2019, Plaintiff reported damage sustained as a result of Hurricane Irma on September 10, 2017. On November 26, 2019, Defendant sent Plaintiff a letter advising Plaintiff of his right to mediation under Florida Statute § 627.7015. An independent adjuster inspected the property on December 17, 2019, and submitted an estimate of $3,765.03. On December 17, 2019,

Defendant American Security Insurance sent Plaintiff an Explanation of Benefits letter, which states that the repair and replacement costs for Plaintiff's claim was $3,765.03. Plaintiff estimates damage to his roof and leaks totaling $137,235.34. Plaintiff filed this case in state court on February 5, 2020, and Defendant removed the case to this Court on March 10, 2020. On March 5, 2020, Defendant invoked its right to appraisal and filed this motion to compel appraisal on March 18, 2020. The policy provides that if the parties disagree on the value of the residential property or on the amount of the loss, either may request an appraisal of the loss, in writing.

## II.     Analysis

Motions to compel appraisal should be granted whenever the parties have agreed to the provision. *Calderon v. Scottsdale Ins. Co.*, No. 19-21012, 2019 WL 4954790 at *1 (S.D. Fla. Oct. 7, 2019). "Enforcing appraisal provisions are preferred over lawsuits as they provide a mechanism for prompt resolution of claims and discourage the filing of needless lawsuits." *Id.* (quoting *First Protective Ins. Co. v. Hess*, 81 So. 3d 482,485 (Fla. 1st DCA 2011)). Consistent with this public policy, which favors enforcing appraisal provisions, the Court finds it appropriate to compel appraisal of this case.

Plaintiff claims that because Defendant denied over 90% of his claim, the dispute is one of coverage for this Court to decide and not for an appraiser. *Gonzalez v. State Farm Fire & Cas. Co.*, 805 So. 2d 814, 817 (Fla. 3d DCA 2000) (stating that whether a claim is covered entirely by the policy is a judicial question, not a question for an appraiser). Defendant disputes that this is a coverage dispute and asserts that it extended coverage, although it provided limited insurance benefits to remedy the property damage claimed. In its view, some of the damage Plaintiff was claiming was due to wear and tear and humidity, conditions not covered by the policy. In this case, the December 17, 2019 Explanation of Benefits letter stated: "The roof is damaged from wear,

2

tear, and deterioration. The efficiency bathroom is not the result of roof leaks but from humidity. This *portion* of your claim is not covered under the policy you have with our company." Defendant's position is that since it provided coverage, but disagreed as to the value of the damage caused by Hurricane Irma to Plaintiff's property, the appraiser should decide the amount to be paid.

Plaintiff argues this case is like *Flaharty v. Allstate Ins. Co.*, No. 09-cv-499, 2010 WL 148226 (N.D. Fla. Jan. 11, 2010). where the court found that appraisal was not appropriate where the insurance company denied coverage for a portion of the damages and not for the entire claim. The court denied the motion to compel appraisal finding that the threshold question is whether there was coverage for the damage, and therefore, appraisal was not available. *Flaharty*, however, is a case that involves a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Act. *Id.* at *2. Under this federal law, courts must apply federal law, and not state law, to decide issues of coverage and causation. *Id.* at *3. Indeed, in *Flaharty*, the court noted that the Standard Flood Insurance Policy provides for appraisal when the parties disagree on the cash value of the damaged property, not when the parties disagree on issues of coverage and causation. *Id.* It is more appropriate for this Court to review cases deciding the issue under Florida law, as this policy is not governed by federal law involving the Standard Flood Insurance Policy like *Flaharty*.

Florida law is clear that where an insurer has extended coverage for any part of the claim, the insurer may compel appraisal even after Plaintiff has filed suit. In *Wilson v. Fed. Nat. Ins. Co.*, 969 So. 2d 1133, 1134 (Fla. 2d DCA 2007), the court held that a property insurer may invoke appraisal after a policyholder has filed an action for breach of the insurance action. *See also Gimenez v. American Sec. Ins. Co.*, 08-2495, 2009 WL 257540, *2 (M.D. Fla. Fed. 3, 2009) (stating that an insurer is not divested of a right to invoke appraisal merely by complying with

3

one's duties as a defense litigant, and stating that stays have been granted even after summary judgment stage of litigation). Therefore, the timing of Defendant's request for appraisal, soon after Plaintiff filed the suit, does not show conduct that is inconsistent with the right to appraisal, such that this Court can find that Defendant waived its right.

The real question seems to be whether the December 17, 2019 Explanation of Benefits letter extends coverage for damage and presents a dispute about the cash value of the Plaintiff's claim, such that appraisal is warranted. In *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002), the court stated that "causation is a coverage question for the court when an insurer *wholly* denies that there is a covered loss . . . [but] the amount is disputed." *See also Gonzalez*, 805 So. 2d at 816 ("[W]hen the insurer admits that there is a covered loss, but there is a disagreement on the amount of the loss, it is for the appraisers to arrive at the amount to be paid."). Defendant contends that because it extended coverage on the claim, even though it paid only a small portion of Plaintiff's claimed damages, the appraiser is charged to examine what caused the damage to the property. *Gonzalez*, 805 So. 2d at 816 ("[T]he appraisers are to inspect the property and sort out how much is to be paid on account of a covered peril. In doing so, they are to exclude payment for a cause not covered, such as normal wear and tear, dry rot, or various other designated, excluded causes.") (quoting *State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996)). Defendant claims that in its Explanation of Benefits Letter, it did not dispute coverage altogether, rather it disputed the causes of the roof and bathroom damage.

Plaintiff's position is that by awarding him only a small portion of what he believed his claim was worth, Defendant effectively denied coverage, which is an issue for this Court to decide. Following *Gonzalez*, the Third District Court of Appeal held that where an insurer does not *wholly* deny coverage, "causation is an amount-of-loss question for the appraisal panel, not a coverage

question that can only be decided by the court." *People's Trust Ins. Co. v. Garcia*, 263 So. 3d 231, 238 (Fla. 3d DCA 2019) (finding trial court erred in denying motion to compel appraisal). Appraisal umpires may decide issues of causation. *Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess & Surplus Lines Ins. Co.*, 916 So. 2d 12, 15 (Fla. 3d DCA 2005) ("[A]lthough there is a large discrepancy between the insured's [$716,000] and the insurance carrier's estimate [less than $1,000] of loss, because the insurer has not wholly denied that there is a covered loss, causation is 'an amount-of-loss question for the appraisal panel,' not a coverage question that can only be decided by the trial court.") (citing *Johnson*, 828 So. 2d at 1022).

Here, the letter at issue indicates that the Defendant estimates the repair and replacement costs on the property to be $3,765.03. It explains that the policy "provides coverage on an actual cash value basis until repairs or replacements have been completed." It then states that the roof is damaged from wear, tear, and deterioration. The damage to the efficiency bathroom is not the result of roof leaks but from humidity. It adds that "*this portion* of the claim is not covered." Because coverage was extended, at least in part, this Court properly delegates the decision regarding causation to the appraiser under *Johnson*, *Gonzalez*, and *Garcia*.

Plaintiff raises the issue that the insurance company failed to comply with Florida Statute § 627.7015(2), which requires the insurance company to advise the policyholder of a right to mediation. The statute states that if an insurance company fails to advise a policyholder of a right to mediation, then "the policyholder is not required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer for its failure to pay the policyholder's claims covered by the policy." § 627.7015(7), Fla. Stat.; *Universal Prop. & Cas. Ins. Co. v. Colosimo*, 61 So. 3d 1241, 1243 (Fla. 3d DCA 2011) (stating that "the plain language of section 627.7015, as well as that of rule 69-

166.031, clearly provide that if an insurer fails to supply written notice of the right to mediate, the insured shall not be required to engage in a contractual loss appraisal process as a prerequisite to litigation."). Here, the insurance company provided written notice on the day following the initial claim, November 26, 2019, advising Plaintiff of his right to appraisal and mediation. Therefore, the Court finds the Defendant properly complied with the statutory notice requirements, and this argument does not constitute grounds for denying appraisal.

Plaintiff's final argument is that because he has already performed repairs on the property, appraisal is improper as set forth in *Weiss v. Ins. Co. of the State of Penn.*, 497 So. 2d 285, 286 (Fla. 3d DCA 1986). In *Weiss*, the court found that by exercising its right to repair the vehicle, the insurance company could not then invoke the appraisal clause. By authorizing the repair of the vehicle, the insurance carrier could not then refuse to pay the bill. That is not the case here, as the Defendant did not authorize repairs on Plaintiff's property, which it later refused to pay. Therefore, this Defendant, unlike the insurance company in *Weiss*, may properly invoke appraisal. *See State Farm & Cas. Co. v. Middleton*, 648 So. 2d 1200, 1201 n. 4 (Fla. 3d DCA 1995) (stating that defendant insurance company did not waive right to appraisal because it advanced money for repairs). Here, to the extent Plaintiff repaired the property, those repairs do not preclude Defendant from invoking appraisal. The appraiser may consider the value of those repairs. Accordingly, it is

ADJUDGED that the motion to compel appraisal and stay proceedings is GRANTED. It is also

ADJUDGED that:

    I.    The Clerk of this Court shall mark this cause as closed for statistical purposes and place the matter in a civil suspense file.

II. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

III. This order shall not prejudice the rights of the parties to this litigation.

IV. Plaintiff SHALL notify the Court by **August 12, 2020** and every three months thereafter of the current status of the proceedings and when this action is ready to proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th of May 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record